UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80006-RLR

UNITED STATES OF AMERICA

vs.

LINDA HORN,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and LINDA HORN (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the sole count of the Information, which charges the defendant with Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, Section 846.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing

1

Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence considering other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely because of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000 and may order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office acknowledges that the defendant has rendered substantial assistance in the investigation or prosecution of another person who has committed an offense. Pursuant to Section 5K1.1 of the Sentencing Guidelines, this Office agrees to move at the time of sentencing for a departure by the Court from the advisory range calculated under the Sentencing Guidelines. The defendant understands and acknowledges that the Court is under no obligation to grant this Office's motion for a downward departure.

8. The defendant agrees to forfeit to the United States voluntarily and immediately all

property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the violation and any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the violation. The property in this matter includes $1,334,214.37, the total net proceeds of the offense, $67,400.00 of which has already been paid. Thus, the defendant agrees to forfeit $1,266,814.37 at the time of her change of plea hearing in full satisfaction of the agreed upon forfeiture obligation.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) Quantity of drugs: That the quantity of Methaqualone involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines is 10 kilograms, which is a Base Offense Level of 14, determined by utilizing the Drug Conversion Tables. See U.S.S.G. § 2D.1(c), Note (K) to Drug Quantity Table, and Application Notes 8(A)(i)-(iii) and 8(D).

(b) Safety Valve: That the defendant is eligible for a 2-level decrease pursuant to § 2D1.1(b)(18) as she meets the criteria set forth in U.S.S.G. § 5C1.2.

(c) Adjusted Offense Level: That the total adjusted offense level is 12.

(d) Sentencing Recommendation: That, based upon the defendant's cooperation and voluntary disgorgement of criminal proceeds, the defendant receive a sentence of three years' probation with all of the standard terms and conditions.

10. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or

the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his/her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

11. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 3/10/23           By: _____ 5/12/23
                              LARA TREINIS GATZ
                              ASSISTANT UNITED STATES ATTORNEY

Date: 3/10/2023         By: _____ 5/12/23
                              MICHAEL GOTTLIEB
                              ATTORNEY FOR DEFENDANT

Date: 3-10-2023         By: _____ 5/12/23
                              LINDA HORN
                              DEFENDANT

5

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80006-RLR

UNITED STATES OF AMERICA

vs.

LINDA HORN,

　　　　　Defendant.
_____/

## FACTUAL BASIS

The United States Attorney's Office for the Southern District of Florida and LINDA HORN (hereinafter the "defendant") agree that had this case proceeded to trial, the United States would have proven the following elements of the offense, that is, 21 U.S.C. § 846, and facts beyond a reasonable doubt:

### Elements

(i) two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to possess with the intent to distribute Methaqualone, a Schedule I controlled substance; and,

(ii) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

### Facts

1. On November 4, 2021, agents with the United States Customs and Border Protection ("CBP") in Cincinnati, Ohio, intercepted a package that had been shipped internationally. The package was addressed to a UPS Store in Boca Raton, Florida and had been mailed from Lisbon, Portugal. Under border search authority, the package was inspected and found

2

to contain five bags of a white powder substance. The package also contained an invoice which stated, "research samples." The substance was later sent to the Drug Enforcement Administration ("DEA") for testing and confirmed to be Methaqualone, a Schedule I Controlled Substance. The total net weight of the Methaqualone contained in the package was approximately 1,354 grams.

2. Investigation determined that the Defendant leased the specific mailbox in Boca Raton, Florida for which the package was addressed. Agents with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") conducted a controlled delivery of the package to the Defendant on November 17, 2021. On that day, the Defendant was observed receiving the package from the UPS Store. She then drove to her home located at 17077 Royal Cove Way, Boca Raton, Florida with the package in the trunk of her car. HSI Agents observed the Defendant remove the package from her vehicle and bring it inside her residence. Shortly thereafter, HSI Agents knocked and announced their presence and secured the Defendant's home in order to obtain a search warrant. In doing so, HSI Agents located the package inside a bathtub.

3. HSI Agents were successful in obtaining and executing a search warrant at the Defendant's home on November 17, 2021. Inside the residence, which was located in the Southern District of Florida, agents found additional drugs, digital scales, capsules, drug ledgers and approximately $67,400 in United States currency. More specifically as to the drug evidence, agents seized additional white powder which later tested positive for Methaqualone and had a combined net weight of approximately 7,139 grams. Agents also seized approximately 1,431 capsules that contained and tested positive for Methaqualone, which had a combined net weight of approximately 684 grams.

3

4. HSI conducted a further investigation of the Defendant's prior drug transactions using known bank accounts, ledgers, and her UPS shipping history. It was determined through this deeper investigation, that since May 2014, the Defendant received more than 90 shipments of similar packages from Lisbon, Portugal.

5. As to the financial investigation, HSI identified approximately five different bank accounts that were used by the Defendant to receive the proceeds from drug sales. Within those bank accounts, HSI identified approximately $1,334,214.37 in drug proceeds which represented the defendant's profit from distributing Methaqualone. HSI also identified payments by the Defendant to a co-conspirator in Portugal for Methaqualone, totaling approximately $349,575.00.

6. All events occurring in the Southern District of Florida and elsewhere.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 5/12/23    By: _____
ADAM MCMICHAEL
ASSISTANT UNITED STATES ATTORNEY

Date: 5/12/23    By: _____
MICHAEL GOTTLIEB, ESQ.,
ATTORNEY FOR THE DEFENDANT

Date: 5/12/23    By: _____
LINDA HORN,
DEFENDANT